1  HASSARD BONNINGTON LLP
   Corinna E. Meissner, Esq. (#178509) cem@hassard.com
2  Erik S. Faussner, Esq. (#308672) esf@hassard.com
   275 Battery Street, Suite 1600
3  San Francisco, California  94111-3370
   Telephone:  (415) 288-9800
4  Fax:  (415) 288-9801

5  Attorneys for Defendants
   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
6  and BIANA ROYKH

7                  IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  NADEZHDA JONES,                        Case No. 3:21-cv-07844-VC

10            Plaintiffs,                  **RE-NOTICE OF DEFENDANT THE
                                           REGENTS OF THE UNIVERSITY OF
11    vs.                                  CALIFORNIA'S MOTION TO DISMISS
                                           PURSUANT TO FRCP 12(b)(6) FOR
12 MARK GHALY, as Secretary, California    FAILURE TO STATE A CLAIM UPON
   Health Human Services Agency; WILL      WHICH RELIEF CAN BE GRANTED;
13 LIGHTBOURNE, as Director, California     MEMORANDUM OF POINTS AND
   Department of Health Care Services;     AUTHORITIES**
14 CALIFORNIA HEALTH AND HUMAN
   SERVICES AGENCY; CALIFORNIA          Date:  December 2, 2021
15 DEPARTMENT OF HEALTH CARE           Time:  10:00 a.m.
   SERVICES, REGENTS OF THE            Courtroom:  4
16 UNIVERSITY OF CALIFORNIA; and BIANA  FAC Filed: September 27, 2021
   ROYKH, an individual, and DOES 1 through Trial Date: Not set yet
17 50,

18            Defendants.

19

20       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       Subject to General Order No. 44 and the "Order Reassigning Case" submitted by the clerk

22 of the above referenced court, this matter is being re-noticed to be heard by the Honorable Vince

23 Chhabria in the San Francisco division of the United States District Court for the Northern

24 District of California, as the matter has been reassigned to him.

25       PLEASE TAKE NOTICE that on December 2, 2021 at 10:00 a.m., or as soon thereafter as

26 the matter may be heard, in Courtroom 4 of the above entitled court, 17th Floor, 450 Golden Gate

27 Avenue, San Francisco, CA 94102, defendants THE REGENTS OF THE UNIVERSITY OF

28 CALIFORNIA and BIANA ROYKH (collectively "THE REGENTS"), will submit their motion

-1-

to dismiss plaintiff's complaint.

THE REGENTS' motion will be made on the basis that plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claims brought pursuant to U.S.C. § 1983, alleging that THE REGENTS violated her civil rights by terminating her as a dental patient at a student dental clinic, fail as a matter of law.

The motion is based upon the Notice, the Memorandum of Points and Authorities, and the orders, pleadings and papers filed herein.

Dated:  October 20, 2021

HASSARD BONNINGTON LLP

By: _____
     Corinna E. Meissner, Esq.
     Erik S. Faussner, Esq.

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and BIANA ROYKH

1

## **TABLE OF CONTENTS**

2

Contents

3    I.    STATEMENT OF RELIEF REQUESTED ..................................................................6

4    II.   STATEMENT OF THE ISSUES .............................................................................6

5    III.  STATEMENT OF FACTS.......................................................................................7

6    IV.   AUTHORITY AND ARGUMENT ..........................................................................9

7          A.    Plaintiff's Constitutional Claims Fail as a Matter of Law ...........................10

8                1.    First Cause of Action Does Not Satisfy Essential Elements............10

9                2.    Fifth, Sixth, Eighth, Thirteenth and Fourteenth Causes of Action Fail to
                       State Due Process Violation Claims .................................................12

10
                 3.    Third, Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of
11                     Action Fail to State Proper Equal Protection or Discrimination Claims ..........13

12         B.    Fourth, Seventh, Ninth, Eleventh, Twelfth, and Fifteenth Causes of Action
                 Alleging Violations of the Medicaid Act Fail to State a Claim...................15

13
           C.    The Remaining Causes of Action Fail to State a Claim and Arise from the Same
14               Factual and Legal Issues as the Claims Stemming from Alleged Violations of
                 the United States Constitution and Federal Laws........................................17

15
                 1.    Alleged Violation of the California Constitution Fails to State a Claim ..........18
16
                 2.    Alleged Breach of Fiduciary Duty Fails to State a Claim.................18
17
                 3.    Alleged Violation of Gov. Code § 11135 Fails to State a Claim......18
18
                 4.    Alleged Violation of Health & Safety Code § 1278.5 Fails to State a
19                     Claim..................................................................................................19

20               5.    Alleged Intentional Infliction of Emotional Distress Fails to State a Claim......19

21               6.    Allegations of Fraud Fail to State a Claim........................................20

22               7.    Negligence Allegations Fail to State a Claim ...................................21

23               8.    Breach of Contract Allegations Fail to State a Claim .......................22

24               9.    Alleged Violations of Bus. & Prof. Code §§ 17200 and 17500 Against Dr.
                       Biana Roykh Fail to State a Claim....................................................23

25   V.    CONCLUSION ........................................................................................................24

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

<u>Ariz. Students' Ass'n v. Ariz. Bd. of Regents</u> (2016) 824 F.3d 858 .................................................11

4

<u>Arlington Heights v. Metropolitan Housing Corp.</u> (1977) 429 U.S. 252 ....................................13, 14

5

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) ....................................................................9

6

<u>Clegg v. Cult Awareness Network,</u> 18 F.3d 752 (9th Cir.1994) .......................................................9

7

<u>Douglas v. Cal. Dept. of Youth Auth.</u> (2002) 285 F.3d 1226 .........................................................14

8

<u>Fletcher v. Western Life Insurance Co.</u> (1970) 10 Cal.App.3d 376 ...............................................20

9

<u>Glenn v. Berndt</u> , 289 F.Supp.2d 1120 (N.D. Cal. 2003) ................................................................9

10

<u>Goldberg v. Kelly</u> (1970) 397 U.S. 254 .......................................................................................12

11

<u>Goonewardene v. ADP, LLC</u> (2019) 6 Cal.5th 817 .....................................................................22

12

<u>Gregory v. Alberson's, Inc.</u> (2002) 104 Cal.App.4th 845 .............................................................23

13

<u>Hughes v. Pair</u> (2009) 46 Cal.4th 1035 .......................................................................................20

14

<u>Khoury v. Maly's of California, Inc.</u> (1993) 14 Cal.App.4th 612 ..................................................23

15

<u>L.F. v. Lake Washington School District #414</u> (2020) 947 F.3d 621 .......................................11, 17

16

<u>Lazar v. Superior Court</u> (1996) 12 Cal.4th 631 ..........................................................................21

17

<u>Monteiro v. Tempe Union High Sch. Dist.</u> (1998) 158 F.3d 1022 ...........................................13, 14

18

<u>Munson v. Del Taco</u> (2009) 46 Cal.4th 661 ................................................................................15

19

<u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) .............................................................................9

20

<u>Plotnik v. Meihaus</u> (2012) 208 Cal.App.4th 1590 ......................................................................20

21

<u>Richman v. Hartley</u> (2014) 224 Cal.App.4th 1182 ......................................................................22

22

<u>Service by Medallion, Inc. v. Clorox Co.</u> (1996) 44 Cal.App.4th 1807 ........................................21

23

<u>Stanley v. Richmond</u> (1995) 35 Cal.App.4th 1070 ......................................................................18

24

<u>Stansfield v. Starkey</u> (1990) 220 Cal.App.3d 59 .........................................................................21

25

<u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007) ......................................10

26

<u>U.S. v. Ritchie</u>, 342 F.3d 903 (9th Cir. 2003) ..............................................................................10

27

<u>Zukle v. Regents of Univ. of Calif.</u> (1999) 166 F.3d 1040 ............................................................15

28

RE-NOTICE OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

## Statutes

29 U.S.C. § 794 ................................................................................................................15

42 U.S.C. § 1396a ......................................................................................................15, 16

42 U.S.C. § 18116 ............................................................................................................15

Bus. & Prof. Code § 17204 .............................................................................................23

Bus. & Prof. Code § 17500 .............................................................................................24

Code of Civil Procedure § 340.5 .....................................................................................22

Fed. R. Civ. P. 12(b)(6) ...............................................................................................9, 24

Gov. Code § 11135 ..........................................................................................................18

Health & Safety Code § 1278.5 .......................................................................................19

## Regulations

42 C.F.R. § 431.10 ...........................................................................................................16

42 C.F.R. § 431.205 .........................................................................................................12

42 C.F.R. § 438.2 ..................................................................................................5, 13, 16

42 C.F.R. § 438.210 ...................................................................................................16, 17

42 C.F.R. § 438.406 ...................................................................................................16, 18

RE-NOTICE OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      STATEMENT OF RELIEF REQUESTED

Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and BIANA ROYKH (collectively "THE REGENTS"), respectfully request this Court enter an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing plaintiff Nadezhda Jones's operative complaint in its entirety on the grounds Ms. Jones (hereinafter "Plaintiff") fails to state a claim upon which relief can be granted.

## II.      STATEMENT OF THE ISSUES

Plaintiff has alleged a total of twenty-six (26) causes of action against defendants THE REGENTS, the California Health and Human Services Agency ("HHSA") (and its secretary), the California Department of Health Care Services ("DHCS") (and its director), and Biana Roykh, DDS, who was the clinical director of the University of California San Francisco ("UCSF") Dental Clinic during the time relevant to Plaintiff's claims.

Plaintiff alleges that she was terminated as a patient by the UCSF Dental Clinic in retaliation for her contesting their determination that her Medi-Cal Dental (also called "Denti-Cal") benefits would not cover the replacement of her permanent partial dentures and for "blowing the whistle" on the fact that she was allegedly unlawfully billed for dental services which should have been covered by Denti-Cal, and further that the UCSF Dental Clinic refused to give her a pre-termination hearing or appeals procedures. [First Amended Complaint ("FAC"), ¶¶55-61]. Plaintiff claims that she and her "advocate" contacted "scores of dentists" and none of them were willing to accept Medi-Cal patients, which she claims makes the UCSF Dental Clinic's decision to terminate her as a patient equivalent to terminating her Denti-Cal benefits. [FAC ¶62]. Further, Plaintiff alleges that THE REGENTS is enforcing an arbitrary and discriminatory policy regarding Denti-Cal benefits because THE REGENTS treat Denti-Cal beneficiaries with some teeth differently than beneficiaries with no teeth. [FAC, ¶¶118-127].

Plaintiff's FAC cites heavily to what is described as an "Administrative Record" which is a 188-page document she filed with the Alameda County Superior Court that Plaintiff states "is expressly incorporated into this complaint and writ petition." [FAC ¶30].

THE REGENTS' Motion to Dismiss requests the Court to determine whether Plaintiff has stated a claim upon which relief can be granted.

## III.    STATEMENT OF FACTS

Plaintiff alleges she had an appointment at the UCSF Dental Clinic on December 1, 2018 for treatment related to her "permanent partial dentures" (hereinafter "PPD"). [FAC ¶35]. Plaintiff claims her PPD were damaged resulting in her suffering from a chewing disability. [FAC ¶¶35-37, ¶38, ¶118]. Plaintiff claims that she sought treatment at the UCSF Dental Clinic on December 12, 2018, January 2, 2019, and February 2, 2019, to meet with dental students to provide her with dental care. [FAC ¶¶43-49]. During these visits, Plaintiff alleges she was diagnosed with missing a number of teeth, needing other teeth extracted, and that she was advised she needed to have her "improper" PPD replaced with a removable denture. [FAC ¶48].

On February 13, 2019, Plaintiff claims she was given "an estimate billing her dental treatment including crowns, x-rays, fillings, extractions, restoration of teeth, and partial dentures." [FAC ¶49]. She claims this estimated bill utilized incorrect codes for the dentures and billed for matters that should have been covered by Denti-Cal. [FAC ¶49]. Because Plaintiff is "Limited English Proficient" she claims to have sought assistance in her dealings with THE REGENTS from "community patient advocate, José Duarte Miranda." [FAC ¶34].

Plaintiff alleges on February 15, 2019, she submitted "an appeal and whistleblower complaint to the Operations Director, Maria Guerra, and the Dean, among others…" relating to the alleged improper charging for covered services to Denti-Cal patients like herself. [FAC ¶51]. Plaintiff alleges that this "whistleblower complaint" informed THE REGENTS that she qualified for partial dentures and "that an entire class of persons, since 2014, has been billed and are potentially owed refunds." [FAC ¶51]. Plaintiff then claims that THE REGENTS refused to provide her with appeal hearing procedures, and that her demands to see the Dean of UCSF's School of Dentistry, and later the "Lt. Governor, a Regent of the University of California" were not responded to. [FAC ¶¶52-55, ¶59, ¶¶64-65].

Next, Plaintiff claims THE REGENTS retaliated against her for speaking out about the alleged billing irregularity by terminating her as a patient. [FAC ¶56]. Plaintiff was terminated as

a patient on March 12, 2019, when Dr. Biana Roykh, the UCSF Dental Center Clinic Manager, sent Plaintiff a letter in response to the numerous inquiries by Plaintiff's "advocate" Mr. Duarte, explaining why permanent partial dentures would not be covered for her by Medi-Cal Dental. [Request for Juridical Notice ("RJN") Ex. 2, AR 45-47]. Dr. Roykh informed Plaintiff that the reason she was being terminated as a patient was because she, or her advocate, had exhibited behavior that disrupted the cooperative environment mandated at the UCSF Dental Clinic, which needs such an environment as a predoctoral teaching program, including:

- Accusatory behavior with members of the staff showing a lack of trust and good faith relationship
- Unrealistic **expectations** and refusal to follow clinic processes for addressing concerns
- Demanding and inappropriate requests to meet with the Dean of School; not allowing the clinical team to follow the grievance process of the School.
- Inability to understand and/or unwillingness to trust the explanation given by the staff regarding insurance eligibility benefits
- Argumentative behavior with staff
- Refusal to comply with the Director's recommendation to come in in person and listen for proposed solutions [RJN, Ex. 2, AR 46 (emphasis original)].

The letter also informed Plaintiff the UCSF Dental Clinic would offer her emergency services for 30-days from the date of the letter, but would not offer any other dental services because Plaintiff's dental condition was stable at that time. [RJN, Ex. 2, AR 46]. It also advised Plaintiff to seek care from another dentist and gave her the 1-800 number for Medi-Cal Dental which would recommend dentists who accepted Medi-Cal Dental patients. [RJN, Ex. 2, AR 46].

Plaintiff claims that she and her "advocate" thereafter contacted scores of dentists "none of whom accept Medi-Cal or wanted to take on new patients" which Plaintiff claims means that THE RENGETS' decision to terminate her as a patient was effectively a termination of her Medi-Cal Dental benefits. [FAC ¶60].

Plaintiff alleges she contacted "the Denti-Cal administration" and that they "ruled in Ms. Jones favor, that partial dentures are a covered benefit" and that after this decision, she attempted to go back to THE REGENTS to receive treatment. [FAC ¶¶66-67]. However, she later learned from a Denti-Cal representative that Denti-Cal had no control over THE REGENTS and could not force THE REGENTS to see Plaintiff as a patient. [FAC ¶¶68-69].

After not being able to get the matter resolved, Plaintiff claims she filed an administrative appeal with the DHCS State Hearing Division. [FAC ¶71]. However, Plaintiff claims DHCS determined it did not have jurisdiction over the issue and her request for a rehearing was not responded to. [FAC ¶¶73-75]. DHCS determined there was no jurisdiction over Plaintiff's "appeal" because Plaintiff admitted that although she claimed she was unlawfully billed for services she contends were covered by Medi-Cal Dental, that she never received or paid for those services. [RJN, Ex. 2, AR 165-166].

Plaintiff claims that the conduct of THE REGENTS and the other defendants delayed her dental treatment, terminated her treatment, and caused her to suffer pain, emotional disturbance and humiliation. [FAC ¶76].

Based on the foregoing dispute regarding Plaintiff's Medi-Cal Dental benefits, she claims THE REGENTS violated anti-discrimination provisions, choice of provider provisions, and right to access provisions of the Medicaid Act, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Affordable Care Act ("ACA"), as well as her First Amendment and Fourteenth Amendment rights, among other claims. [FAC ¶¶95-312].

## IV.     AUTHORITY AND ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed due to the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is proper where, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Glenn v. Berndt, 289 F.Supp.2d 1120, 1123 (N.D. Cal. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Where a complaint fails to articulate grounds for a plaintiff's entitlement to relief, it must be dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir.1994).

While a Rule 12(b)(6) motion to dismiss requires that the court accept all factual

allegations in the complaint as true, courts also "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment.").

Here, Plaintiff's FAC should be dismissed without leave to amend because the claims alleged against THE REGENTS based on the facts stated in the FAC and the Administrative Record, which Plaintiff incorporates into the FAC by reference and cites to heavily throughout the FAC, demonstrate Plaintiff has not been harmed and her civil rights have not been violated as a matter of law. Furthermore, the claims cannot be cured through amendment.

### A. Plaintiff's Constitutional Claims Fail as a Matter of Law

Most of Plaintiff's claims overlap significantly as all stem from a perceived violation of Plaintiff's claimed right to have Medi-Cal Dental pay for particular dental procedures and THE REGNETS' alleged wrongful refusal to agree that Medi-Cal Dental would provide Plaintiff with coverage. Each Cause of Action ("COA") with significant factual overlap sounding in alleged violations of the United States' Constitution are as follows: 1st COA (Violation of the 1st Amendment) [FAC ¶¶95-110], 3rd COA (Violation of 14th Amendment) [FAC ¶¶117-127], 5th COA (Substantive Due Process) [FAC ¶¶138-144], 6th COA (Procedural Due Process) [FAC ¶¶145-153], 8th COA (Termination of Benefits Without Cause) [FAC ¶¶161-165], 13th COA (Unconstitutional Custom) [¶¶188-200], 14th COA (Inadequate Training) [FAC ¶¶201-205], 17th COA (Violation of the ADA) [FAC ¶¶223-227], 18th COA (Violation of the Rehabilitation Act) [FAC ¶¶228-232], and 19th COA (Violation of the ACA) [FAC ¶¶233-238].

None of these claims have legal merit and should be dismissed without leave to amend.

### 1. First Cause of Action Does Not Satisfy Essential Elements

"To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged

in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech. Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited.'" Ariz. Students' Ass'n v. Ariz. Bd. of Regents (2016) 824 F.3d 858, 867 (internal citations omitted).

There are no allegations in the FAC which can satisfy the second or third element of a valid First Amendment retaliation claim. When considering the evidence presented by Plaintiff in her "Administrative Record," it is clear Plaintiff was terminated as a patient not as part of any effort to "chill" her free speech, but instead because her advocate engaged in disruptive behavior that was not conducive to the learning environment of the UCSF Dental Clinic. [RJN, Ex. 1, AR 45-47]. Furthermore, Plaintiff did not suffer an injury in fact because her Medi-Cal Dental benefits were not actually terminated. [FAC ¶22 (Plaintiff "was and is a Medicaid/Medi-Cal beneficiary….")].

Moreover, Plaintiff has not alleged facts demonstrating THE REGENTS acted with the intent to interfere with her First Amendment rights. Instead, the facts in the FAC and Administrative Record show the opposite, with Plaintiff and her advocate exercising their speech rights extensively while complaining about her perception that THE REGENTS did not correctly interpret what was covered by Denti-Cal. THE REGENTS' decision on what dental services were covered by Denti-Cal and to terminate Plaintiff as a patient did not violate Plaintiff's First Amendment rights just because Plaintiff disagrees with those decisions. "[M]embers of the public do not have a constitutional right to force the government to listen to their views...[a]nd the First Amendment does not compel the government to respond to speech directed toward it (citations omitted)." L.F. v. Lake Washington School District #414 (2020) 947 F.3d 621, 626.

Thus, these claims fail as a matter of law and should be dismissed without leave to amend.

### 2. Fifth, Sixth, Eighth, Thirteenth and Fourteenth Causes of Action Fail to State Due Process Violation Claims

These causes of action allege THE REGENTS' decision to terminate Plaintiff as a dental patient at the UCSF Dental Clinic unlawfully terminated her Medicaid benefits without due process. [FAC ¶¶138-153, ¶¶161-165]. They also allege that this violation of due process was the result of unconstitutional policies, procedures and training by THE REGENTS. [FAC ¶¶188-205].

Under the Medicaid Act, a beneficiary's benefits cannot be terminated without that beneficiary receiving a "fair hearing." The Medicaid Act does not define what "a fair hearing" is, but applicable federal regulation states the Medicaid hearing system must meet the due process standards set forth in <u>Goldberg v. Kelly</u> (1970) 397 U.S. 254 (<u>Goldberg</u>). 42 C.F.R. § 431.205(d). The <u>Goldberg</u> framework requires that a person seeking a fair hearing get an opportunity to be heard before an impartial decisionmaker, that "kkthe decisionmaker's conclusion... must rest solely on the legal rules and evidence adduced at the hearing," and "the decision maker should state the reasons for his determination and indicate the evidence he relied on." <u>Goldberg</u>, 397 U.S. at 271.

Here, Plaintiff cannot state a claim for a violation of her due process rights because it is clear from the FAC and the Administrative Record that her Medicaid benefits (Medi-Cal Dental) were not terminated by THE REGENTS. Plaintiff claims THE REGENTS' termination of her as a patient did not actually terminate her Medicaid benefits but was, "in effect a termination of benefits." [FAC ¶162]. This is not a tenable allegation based on facts alleged elsewhere in the FAC, including Plaintiff stating that she "was and is a Medicaid/Medi-Cal beneficiary…." [FAC ¶22]. If Plaintiff was and still is a Medicaid/Medi-Cal beneficiary, then THE REGENTS could not have terminated her Medicaid benefits without providing her due process.

Additionally, Plaintiff's 6th COA rests on a misunderstanding of which types of state entities must have appeals "guidelines" under 42 C.F.R. § 438.236. Plaintiff claims each individual provider, such as THE REGENTS, must have appeals guidelines that Medi-Cal beneficiaries can request and utilize to challenge decisions related to their care. [FAC ¶¶145-153]. This is incorrect. Instead, the provision requires Managed Care Organizations ("MCO"), Prepaid Inpatient Health Plans ("PIHP"), and Prepaid Ambulatory Health Plans ("PAHP"), to have clinical

-12-

practice guidelines. THE REGENTS is not a MCO, PIHP, or PAHP, but instead a "provider" [See 42 C.F.R. § 438.2[1]], and as such 42 C.F.R. § 438.236 does not apply to THE REGENTS.

Based on the foregoing, these claims should be dismissed without leave to amend.

### 3. Third, Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Action Fail to State Proper Equal Protection or Discrimination Claims

These causes of action stem from allegations that THE REGENTS violated the equal protection clause of the Fourteenth Amendment, and the anti-discrimination provisions of various federal laws by terminating Plaintiff's Medicaid benefits in retaliation for her challenging THE REGENTS' decision regarding what was covered by Medi-Cal Dental. [FAC ¶¶117-127, ¶¶223-238]. Plaintiff fails to state an equal protection or discrimination claim because Plaintiff does not allege facts demonstrating THE REGENTS acted with discriminatory intent, and because Plaintiff admits that her Medicaid benefits were not in fact terminated by THE REGENTS.

A base requirement for a claim under the equal protection clause is that the challenged law or action must either intentionally discriminate or intentionally be applied in a discriminatory manner. That is, individuals or isolated events that negatively affect one group of people are not presumed to be a violation of the equal protection clause and a plaintiff must make some showing of intentional or purposeful discrimination to succeed. Laws that do not deliberately discriminate but, in practicality, affect individuals differently do not violate the equal protection clause. See Arlington Heights v. Metropolitan Housing Corp. (1977) 429 U.S. 252 (holding that official actions are not unconstitutional solely because they result in a disproportionate impact on a protected class). To state a claim for discrimination under the equal protection clause, the plaintiff must allege facts "that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist. (1998) 158 F.3d 1022, 1026.

Here, Plaintiff's claims rest on her allegation that she belongs to a protected class of persons who have "some teeth but are missing the teeth posterior to nos. 5, 12, 28, 21" and that THE REGENTS violated the equal protection clause by treating her differently than how they would treat persons who had no teeth at all. [FAC ¶118-127]. This stems from Dr. Roykh stating

---

[1] *Provider* means any individual or entity that is engaged in the delivery of services, or ordering or referring for those services, and is legally authorized to do so by the State in which it delivers the services.

1   Plaintiff did not qualify for Removable Partial Dentures ("RPD") billed under Denti-Cal Codes

2   D5213 and D5214 in Plaintiff's "estimate billing…." [FAC ¶49; RJN, Ex. 2, AR 41-43].

3           It is unclear how THE REGENTS could have violated the equal protection clause by

4   simply informing Plaintiff that RPD billed under Codes D5213 and D5214 were not a covered

5   benefit for Plaintiff because she did not have a full denture opposing where the RPD would go,

6   which is what the Denti-Cal billing guidelines state. This is borne out by the Denti-Cal Handbook

7   section Plaintiff incorporated into her FAC, which provides that RPD billed under Code D5123 is

8   "[a] benefit when opposing a full denture…." [RJN, Ex. 2, AR 179]. It is not alleged or disputed

9   by Plaintiff that she did not have a full maxillary or mandibular denture, and as such, the

10  determination by THE REGENTS that she did not qualify for coverage under Medi-Cal Dental

11  for RPD billed under Codes D5213 or D5124 was not done with discriminatory intent, nor can it

12  be inferred as being done as the result of discriminatory intent. Just because Plaintiff, who has

13  some teeth, is being treated differently than some other person who has no teeth does not equate

14  to a violation of the equal protection clause. See Arlington Heights, 429 U.S. 252. Furthermore,

15  THE REGENTS' action in making the determination Plaintiff did not qualify for RPD billed

16  under Codes D5213 or D5124 and to terminate Plaintiff as a patient is not even susceptible to an

17  inference that it was the result of discriminatory intent. See Monteiro, 158 F.3d at 1026. Instead,

18  THE REGENTS informed Plaintiff she was not eligible for RPD billed under Codes D5213 or

19  D5124 because she did not have any full dentures [RJN, Ex. 2, AR 179], and THE REGENTS

20  terminated Plaintiff as a patient because her advocate had engaged in disruptive behavior at the

21  UCSF Dental Clinic. [RJN, Ex. 2, AR 46].

22          Similarly, the allegations that THE REGENTS violated the Unruh Civil Rights Act, ADA,

23  Rehabilitation Act and ACA rest on whether THE REGENTS acted with discriminatory intent.

24  For example, to properly assert a cause of action alleging a violation of the ADA or the

25  Rehabilitation Act[2], a plaintiff must allege that: (1) she is an individual with a disability; (2) she is

26  otherwise qualified to participate in or receive the benefit of a defendant's services; (3) she was

27  _____

28  [2] ADA and Rehabilitation Act claims are analyzed under the same standard. Douglas v. Cal. Dept. of Youth Auth. (2002) 285 F.3d 1226, 1229 n.3.

RE-NOTICE OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES

discriminated against *solely* by reason of her disability; and (4) that the defendant is a public

entity. Zukle v. Regents of Univ. of Calif. (1999) 166 F.3d 1040, 1045 (emphasis added).

Likewise, Plaintiff's 16th COA, alleging a violation of the Unruh Civil Rights Act, is subject to the

same standards as the alleged violation of the ADA. See Munson v. Del Taco (2009) 46 Cal.4th

661, 667; [FAC ¶219]. Also, § 1557 of the ACA [42 U.S.C. § 18116] and its implementing

regulations provide that an individual shall not be subjected to discrimination on the grounds

prohibited under, relevantly, Section 504 of the Rehabilitation Act of 1973, [29 U.S.C. § 794], or

under any health program or activity, any part of which is receiving federal financial assistance.

Here, Plaintiff's FAC and incorporated Administrative Record demonstrate THE

REGENTS did not act with discriminatory intent when it informed Plaintiff she was not eligible

for RPD billed under Codes D5213 or D5124 because she did not have any full dentures [RJN,

Ex. 2, AR 179], and when THE REGENTS terminated Plaintiff as a patient because her advocate

had engaged in disruptive behavior at the UCSF Dental Clinic. [RJN, Ex. 2, AR 46]. These

actions were taken for good cause reasons and not for a discriminatory purpose, much less *solely*

with the intent to discriminate against Plaintiff. See Zukle, 166 F.3d at 1045.

Moreover, because Plaintiff did not have her Medicaid benefits terminated by THE

REGENTS or any other defendant, Plaintiff did not suffer any real harm, and as such cannot be

granted relief by this court.

Based on the foregoing, Plaintiff's FAC should be dismissed without leave to amend.

## B. Fourth, Seventh, Ninth, Eleventh, Twelfth, and Fifteenth Causes of Action Alleging Violations of the Medicaid Act Fail to State a Claim

These causes of action each relate to alleged violations of various provisions of the

Medicaid Act including the right to prompt access, freedom of choice of providers, and anti-

cherry-picking provisions, allegedly in retaliation to Plaintiff's complaint about THE REGENTS'

purported unlawful billing. [FAC ¶¶128-137, ¶¶154-160, ¶¶166-172, ¶¶181-187, ¶¶207-214].

Here, Plaintiff fails to state claims upon which relief can be granted because the facts alleged

demonstrate that THE REGENTS did not violate any provision of the Medicaid Act and this court

cannot compel THE REGENTS to provide Plaintiff with care as a matter of law.

Plaintiff alleges THE REGENTS violated 42 U.S.C. § 1396a(a)(8), which provides "that

all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals" by failing to provide prompt treatment to her. [FAC ¶¶129-137, ¶¶185-187]. Here, THE REGENTS could not have violated this provision because Plaintiff had already applied for and been granted Medicaid benefits, and no action taken by THE REGENTS denied Plaintiff her right to seek medical care elsewhere from a provider who accepted Medicaid. THE REGENTS is not a state agency with the authority to determine whether a person applying for Medicaid benefits is eligible or not. Because Plaintiff already applied for and was granted Medicaid benefits, and THE REGENTS had no authority to, nor did it take any action to grant or deny Plaintiff benefits, THE REGENTS did not violate 42 U.S.C. § 1396a as a matter of law.

Similarly, THE REGENTS did not violate the "freedom of choice" provisions in Medicaid [42 C.F.R. § 431.51] by terminating Plaintiff as a patient. 42 C.F.R. § 431.51 requires that the State plan which gives Medicaid enrollees coverage must permit the enrollees to obtain Medicaid services from, "any institution, agency, pharmacy, person, or organization that is - (i) Qualified to furnish the services; and (ii) Willing to furnish them to that particular beneficiary." 42 C.F.R. § 431.51(b)(1). Here, THE REGENTS is a qualified provider of Medicaid services, so the State of California could not prevent Plaintiff from seeking care from THE REGENTS. However, here THE REGENTS were not "[w]illing to furnish [services] to [plaintiff]" due to the disruptive behavior of her advocate. Since THE REGENTS were not willing to furnish Plaintiff with services, THE REGENTS did not violate the requirements of 42 C.F.R. § 431.51.

Plaintiff's 9th COA appears to allege DHCS passed its responsibility to administer Medicaid benefits to THE REGENTS, who in turn wrongfully determined Plaintiff was not eligible for no-cost partial permanent dentures [FAC ¶¶167-172], which would be a violation of 42 C.F.R. § 431.10(e). However, as explained above, THE REGENTS did not make any decision to terminate Plaintiff's eligibility for Denti-Cal benefits. Instead, THE REGENTS simply terminated its relationship with Plaintiff as a patient due to the disruptive behavior of her advocate. [RJN, Ex. 2, AR 46]. This is not a violation of any provision of the Medicaid Act.

The alleged violation of Medicaid's anti-cherry-picking provision fails for similar reasons.

42 C.F.R. § 438.210 prohibits the arbitrary refusal to deny covered services based on the type of illness or disability. Here, there are no facts demonstrating how THE REGENTS decision to terminate Plaintiff as a patient due to the disruptive behavior of her advocate would qualify as a refusal to provide her with services based on an arbitrary distinction between patients who have some teeth and patients who have no teeth. Furthermore, this provision applies to MCOs, PIHPs and PAHPs, and not providers like THE REGENTS. See 42 C.F.R. § 438.210.

The 15th COA claims THE REGENTS violated her rights under Medicaid to participate in her healthcare decisions by "retaliating" against her for complaining about alleged billing violations. This claim is without merit because relief cannot be granted as a matter of law. As is demonstrated by the FAC and Administrative record, Plaintiff was never prevented from participating in her health care decisions. Plaintiff had a significant amount of discussion, through her advocate, about her care and what would and would not be covered by Denti-Cal. She, through her advocate, did not agree with what THE REGENTS determined was covered, and after her advocate's behavior began to be disruptive to the UCSF Dental Clinic, Plaintiff was terminated as a patient. [RJN, Ex. 2, AR 45-47]. The motivating reason behind the termination was that Plaintiff, through her advocate, disrupted the cooperative environment the UCSF Dental Clinic needed to properly provide services to Plaintiff and other patients and THE REGENTS did not want to engage in an endless dispute with Plaintiff's advocate on the subject. "[M]embers of the public do not have a constitutional right to force the government to listen to their views...[a]nd the First Amendment does not compel the government to respond to speech directed toward it (citations omitted)." L.F., 947 F.3d at 626.

Therefore, these claims in the FAC should be dismissed without leave to amend.

### C.   The Remaining Causes of Action Fail to State a Claim and Arise from the Same Factual and Legal Issues as the Claims Stemming from Alleged Violations of the United States Constitution and Federal Laws

The remaining causes of action allege tort claims, a breach of contract claim, and violations of California Statutes governing the providing of health care services or government benefits. These include the 2nd COA (Violation of the Right to Life, Property, Safety and Happiness) [FAC ¶¶111-116], 10th COA (Breach of Fiduciary Duty) [FAC ¶¶173-180], 20th COA

(Violation of Gov. Code § 11135) [FAC ¶¶239-247], 21st COA (Whistleblower Protection – Health & Saf. Code § 1278.5) [FAC ¶¶248-253], 22nd COA (Intentional Infliction of Emotional Distress) [FAC ¶¶254-260], 23rd COA (Fraud) [FAC ¶¶261-263], 24th COA (Negligence Per Se) [FAC ¶¶264-268], 25th COA (Breach of Contract) [FAC ¶¶269-275], and 26th COA (Violation of Bus. & Prof. Code § 17200, 17500) [FAC ¶¶276-287]. The core facts and issues comprising these claims are the same as those which sound in the violation of rights protected under the United States Constitution and federal laws.

### 1. Alleged Violation of the California Constitution Fails to State a Claim

Plaintiff's 2nd COA simply states that the actions taken by the defendants violated her rights to "safety and happy" which purportedly imposes a duty upon the defendants, and that defendants breached their duty. [FAC ¶¶111-116]. These allegations do not state a claim upon which relief can be granted. There are no facts alleged in the FAC demonstrating how THE REGENTS violated Plaintiff's right to life, liberty, property, safety, happiness, or privacy.

### 2. Alleged Breach of Fiduciary Duty Fails to State a Claim

The 10th COA alleges THE REGENTS have "a fiduciary duty to act in [Plaintiff's] best interest…" [FAC ¶174] and that the defendants breached that duty by not following the correct process in handling her "appeal" of THE REGENTS determination of what services were covered by Denti-Cal. [FAC ¶¶175-180]. The essential elements of a breach of fiduciary duty claim include: "(1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Stanley v. Richmond (1995) 35 Cal.App.4th 1070, 1086.

Plaintiff's claim fails to state facts supporting the existence of a fiduciary duty, how the unnamed fiduciary duty was breached, and what damages were caused by the breach. There is no legal authority to support the contention that THE REGENTS had a fiduciary duty to follow any particular "appeals" procedure. This is because 42 C.F.R. § 438.406, which requires a written appeals procedure, governs MCOs, PIHPs and PAHPs, not providers like THE REGENTS. As such, this claim should be dismissed without leave to amend.

### 3. Alleged Violation of Gov. Code § 11135 Fails to State a Claim

The 20th COA alleges THE REGENTS violated Government Code § 11135, which

prohibits state agencies and state-funded programs discriminating against persons on the basis of, relevantly, physical disabilities or medical conditions. As outlined above, Plaintiff was not discriminated against based on any disability. All that occurred according to the facts alleged in the FAC and Administrative Record is that THE REGENTS sent Plaintiff an estimated billing statement indicating its interpretation of what services would be covered or would not be covered by Denti-Cal. Plaintiff disagreed with THE REGENTS' analysis and her advocate engaged in an extended campaign challenging that analysis to the point that the situation became disruptive to the cooperative environment required at the UCSF Dental Clinic, which caused THE REGENTS to terminate Plaintiff as a patient. [RJN, Ex. 2, AR 45-47]. For the same reasons Plaintiff failed to state a claim of unlawful discrimination under the Fourteenth Amendment, here her allegations fail to state a claim for violation of Government Code § 11135.

### 4.   Alleged Violation of Health & Safety Code § 1278.5 Fails to State a Claim

Plaintiff's 21st COA alleges THE REGENTS violated Health and Safety Code § 1278.5, which prohibits reprisal or discrimination against patients who present grievances related to patient safety, by terminating her as a patient for "speaking out" about THE REGENTS allegedly incorrect determinations regarding her Medi-Cal Dental coverage. [FAC ¶¶248-253]. Here, there are no facts pled demonstrating that she presented a grievance relating to patient safety. Instead, she presented a grievance, through her advocate, about a different interpretation regarding what should be covered by Denti-Cal. Further, the facts pled demonstrate THE REGENTS terminated her as a patient because her advocate engaged in disruptive behavior, not as retaliation for her presenting her grievance. As such, this claim should be dismissed.

### 5.   Alleged Intentional Infliction of Emotional Distress Fails to State a Claim

Plaintiff's 22nd COA alleges that THE REGENTS March 12, 2019 letter "asserting the truthfulness of the 02/13/19 billing statement is the intent to deceive, with intentional disregard of the law" demonstrates that THE REGENTS acted with "intentional and reckless disregard against Ms. Jones on the basis of her disabilities" resulting in harm to Plaintiff. [FAC ¶¶256-260]. This fails to state a claim for intentional infliction of emotional distress.

"A cause of action for intentional infliction of emotional distress exists when there is '(1)

extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" Hughes v. Pair (2009) 46 Cal.4th 1035, 1050-1051. The court makes the initial determination whether the defendant's conduct "may reasonably be regarded as so extreme and outrageous as to permit recovery." Plotnik v. Meihaus (2012) 208 Cal.App.4th 1590, 1614.

Here, Plaintiff fails to allege any facts demonstrating that THE REGENTS engaged in conduct that is so "extreme and outrageous" as to permit recovery. All that is alleged is that THE REGENTS made a determination regarding what dental services would be covered for Plaintiff by Denti-Cal that Plaintiff disagreed with and that after Plaintiff's advocate repeatedly raised this dispute with THE REGENTS in person, demanding to speak with the Dean of the UCSF School of Dentistry, and sending numerous letters and emails, THE REGENTS determined that the advocate had engaged in disruptive behavior and terminated Plaintiff as a patient. [RJN, Ex. 2, AR 45-47]. This conduct is neither extreme nor outrageous. It is objectively reasonable behavior in light of the facts pled in the FAC and the Administrative Record. Further, the distress claimed by Plaintiff is not of the character which can support an IIED claim, which is "severe emotional distress." Fletcher v. Western Life Insurance Co. (1970) 10 Cal.App.3d 376, 397 ("Severe emotional distress [is] emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.") Whatever distress is caused by a disagreement about what Denti-Cal covers, in no way could that distress be such that no reasonable person in civilized society could be expected to endure it.

Thus, this claim should be dismissed without leave to amend.

### 6. Allegations of Fraud Fail to State a Claim

The FAC's 23rd COA claims that THE REGENTS are liable for negligent or intentional fraud for their act of sending Plaintiff an estimated billing statement for services that incorrectly

determined certain services were not covered by Denti-Cal. [FAC ¶262-263]. "A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal.App.4th 1807, 1816. Additionally, unlike most causes of action where the "the policy of liberal construction of the pleadings," fraud requires particularity, that is, "pleading facts which show how, when, where, to whom, and by what means the representations were tendered." Stansfield v. Starkey (1990) 220 Cal.App.3d 59, 73; Lazar v. Superior Court (1996) 12 Cal.4th 631, 645. General or conclusionary allegations are not sufficient to support a fraud claim. Stansfield, 220 Cal.App.3d at 74.

Here, Plaintiff's allegations are all conclusory, and they do not satisfy the essential elements of a fraud claim. For example, Plaintiff disagreed with the contents in the estimated billing statement, so she could not have possibly justifiably relied on the alleged misrepresentations of fact, nor were there resulting damages since she did not receive or pay for the services she claims THE REGENTS wrongfully found were not covered by Denti-Cal. Because Plaintiff has failed to state a claim for which relief can be granted, her IIED claim must be dismissed without leave to amend.

### 7. Negligence Allegations Fail to State a Claim

Plaintiff's 24th COA is internally inconsistent and does not properly plead a claim of negligence for which relief can be granted. It appears to allege that THE REGENTS negligently violated the Medicaid Act provisions relating to "promptness of care" and "freedom of choice," that the negligence claim is not a claim for medical malpractice, but to the extent Dr. Roykh's administrative actions can be considered professional misconduct, Plaintiff intends the COA to be a medical malpractice cause of action. [FAC ¶¶ 265-268].

As discussed previously, the alleged conduct of THE REGENTS in the FAC does not constitute a violation of the "promptness" or "freedom of choice" provisions of the Medicaid Act because THE REGENTS are not the state agency charged with administering California's Medicaid plan and because "freedom of choice" relates to the state agency administering Medicaid being prohibited from preventing Medicaid beneficiaries from seeing particular

1  providers willing to render services to those beneficiaries. Here, THE REGENTS was not willing

2  to render Plaintiff any further services.

3         The allegation of professional negligence also fails to state a claim. First, the allegations

4  admit that Dr. Roykh did not treat or ever meet Ms. Jones….” [FAC ¶267]. If Dr. Roykh never

5  treated Plaintiff, then Dr. Roykh did not owe Plaintiff a duty of care, nor could she breach her

6  duty of care. Second, even if a medical negligence claim could be properly pled, such a claim

7  would be time barred under California Code of Civil Procedure § 340.5, which applies to claims

8  arising from the professional negligence of a health care provider. Plaintiff's claims against Dr.

9  Roykh are barred by the one-year statute of limitations set forth in § 340.5 because Plaintiff

10 brought this action on more than one year after Plaintiff discovered, or should have discovered,

11 Dr. Roykh's alleged professional negligence. Code Civ. Proc. § 340.5.

12        Based on the foregoing, this claim should be dismissed without leave to amend.

13                    **8.   Breach of Contract Allegations Fail to State a Claim**

14        The FAC's 25th COA alleges THE REGENTS breached a third-party beneficiary contract

15 that Plaintiff can enforce by sending Plaintiff an estimated billing statement which charged her for

16 services that should have been covered by Denti-Cal and by not having appropriate appeals

17 procedures in place for her to appeal THE REGENTS' coverage analysis. [FAC ¶¶270-275].

18        “To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the

19 contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the

20 defendant's breach, and (4) the resulting damage to the plaintiff.” Richman v. Hartley (2014) 224

21 Cal.App.4th 1182, 1186. Additionally, to bring a third-party beneficiary breach of contract claim,

22 the plaintiff must show “(1) whether the third party would in fact benefit from the contract, but

23 also (2) whether a motivating purpose of the contracting parties was to provide a benefit to the

24 third party, and (3) whether permitting a third party to bring its own breach of contract action

25 against a contracting party is consistent with the objectives of the contract and the reasonable

26 expectations of the contracting parties. All three elements must be satisfied to permit the third

27 party action to go forward.” Goonewardene v. ADP, LLC (2019) 6 Cal.5th 817, 829-830.

28        Plaintiff fails to plead facts demonstrating the existence of a contract, whether Plaintiff

performed under the contract, how the defendants breached the contract, and whether the alleged contract Plaintiff is attempting to enforce intended for her to be a beneficiary or whether allowing Plaintiff to enforce the contract would be consistent with the intent of the contracting parties. In fact, Plaintiff does not even identify the parties who entered into the contract for which she claims she is a third-party beneficiary. Plaintiff claims THE REGENTS and DHCS breached a contract, but the contract at issue is never explicitly described, nor are its terms. As such, this claim should be dismissed without leave to amend.

### 9. Alleged Violations of Bus. & Prof. Code §§ 17200 and 17500 Against Dr. Biana Roykh Fail to State a Claim

Plaintiff's 26th COA alleges that defendant Dr. Roykh "is a private individual, whose practice is governed by the Business and Professions Code, invocation of 17200 against her is appropriate." [FAC ¶¶277]. Plaintiff claims Dr. Roykh's "03/12/19 letter mis-representing the truthfulness of the 02/13/19 billing statement is the intent to deceive" and therefore her conduct constitutes "false advertising and conduct [which is] unfair, deceptive and unlawful… under Sections 17200, 17500." [FAC ¶¶281-282]. These allegations do not state a claim for which relief can be granted.

"California Business and Professions Code section 17200, *et seq.* prohibits unfair competition, including unlawful, unfair, and fraudulent business acts. A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." Gregory v. Alberson's, Inc. (2002) 104 Cal.App.4th 845, 851 (citing Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619). Further, to properly plead a claim, an individual must have "suffered injury in fact and has lost money or property as a result of the unfair competition." Bus. & Prof. Code § 17204.

Here, Plaintiff does not have standing to bring an unfair competition claim under the Business and Professions Code because she has not "suffered injury in fact and… lost money or property" because of THE REGENTS' alleged conduct. Bus. & Prof. Code § 17204. In fact, the Administrative Record demonstrates that Plaintiff did not pay any money to THE REGENTS or Dr. Roykh, which is a prerequisite to bringing a claim for unfair competition under Business & Professions Code § 17200, *et seq*. Additionally, Plaintiff has failed to state facts with reasonable

particularity supporting the statutory elements of her claims for unlawful business practices or false advertising. Instead, she alleges in a conclusory manner that Dr. Roykh violated the law, and claims that since she is an individual, that constitutes an unfair business practice. [FAC ¶¶277-282]. It is also clear that the individual estimated billing statement provided by THE REGENTS to Plaintiff does not legally constitute "false advertising" as that term is described in Business and Professions Code § 17500 because the alleged false statement was not disseminated to the public, but only to Plaintiff.

Therefore, this claim should be dismissed without leave to amend.

### V.   **CONCLUSION**

Plaintiff's FAC fails to state any claim upon which relief can be granted. Although Plaintiff has a grievance with THE REGENTS over what is and is not covered by Denti-Cal, the substance of that grievance and how it was handled by THE REGENTS does not rise to the level of a recoverable claim. Accordingly, THE REGENTS respectfully request an Order granting this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

Dated:  October 20, 2021

HASSARD BONNINGTON LLP

By: _____
        Corinna E. Meissner, Esq.
        Erik S. Faussner, Esq.

Attorneys for Defendants THE REGENTS
OF THE UNIVERSITY OF CALIFORNIA
and BIANA ROYKH

1

<u>**PROOF OF SERVICE**</u>
**NADEZHDA JONES v. UC REGENTS**
Alameda County Superior Court Case No. RG21106633
Northern District of California Case No. 21-7844

2

3

    I am a citizen of the United States.  My business address is 275 Battery Street, Suite 1600, San Francisco, CA  94111.  My email address is mab@hassard.com.  I am employed in the County of San Francisco where this service occurs.  I am over the age of 18 years and not a party to the within cause.  I served the foregoing document(s) described as:

4

5

- **RE-NOTICE OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**
- **DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; EXHIBITS**

6

7

8

9

on the interested parties in said action addressed as follows:

10

11

| **COUNSEL FOR**:<br>Plaintiff | Emanuel D. Zola, Esq.<br>Zola, Wegman & Associates<br>6235 Van Nuys Blvd.<br>Van Nuys, CA 91401 | Tel: 818-782-9529<br>Fax: 310-861-1627<br>zola@zolawegman.com |
|---|---|---|

12

13

14

15

[XX] ONLY BY ELECTRONIC TRANSMISSION. E-mailing the document(s) to the persons at the e-mail address(es) listed. During the Coronavirus (COVID-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

16

17

18

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 20, 2021 at San Francisco, California.

19

20

21

_____
        Morgan Boodoosingh

22

23

24

25

26

27

28

RE-NOTICE OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES