UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEZHDA JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 21-cv-07844-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND RESOLVING OUTSTANDING MOTIONS**<br><br>Re: Dkt. Nos. 31, 46, 51, 63, 74, 75 |

Now before the Court for consideration are the motions to dismiss filed by defendants the Regents of the University of California and Biana Roykh ("Regents") and defendant California Department of Health Care Services ("DHCS") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

The Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 31, 46); DENIES Plaintiff's motion to certify for interlocutory appeal (Dkt. No. 51); and DENIES Plaintiff's motions to stay as moot. (Dkt. Nos. 63, 74, 75.)

**BACKGROUND**

**A.**  **Factual Background**

Plaintiff Nadezhda Jones ("Plaintiff") is enrolled in Medi-Cal. (FAC ¶ 33.) In 2018, Plaintiff sought dental treatment at the UCSF School of Dentistry ("UCSF"), which accepts Medi-Cal Dental ("Denti-Cal") insurance. (*Id.* ¶ 35.) Plaintiff sought treatment from UCSF for pain related to permanent partial dentures, which are a bridge of permanent material anchored to living teeth that cannot removed absent surgical intervention. (*Id.* ¶¶ 35-36.) Plaintiff alleges that the pain from her permanent partial dentures prevented her from chewing hard food, meat, or

vegetables, and limited her consumption to soft-cooked food and liquid. (*Id*. ¶ 37.) Plaintiff alleges that "the absence of molars and inability to chew food, necessitating full or partial dentures is a significant disability." (*Id*. ¶ 38.)

In 2019, Plaintiff received an estimated bill from UCSF for dental treatment related to her partial dentures. Plaintiff complained to UCSF about the estimated bill because she believed the services, including charging for exams, X-Rays, crowns, extractions, and partial dentures, were covered by Denti-Cal. (*Id*. ¶ 39.) Plaintiff and her patient advocate disputed the allegedly improper billing practices with various entities including the UCSF Dental Clinic, UCSF staff, the dean of the school of dentistry and the Lieutenant Governor's office. (*Id*. ¶¶ 50-56.)

UCSF contacted Plaintiff to explain her eligibility for Denti-Cal coverage, but Plaintiff's advocate declined to meet with UCSF. (AR 45-46.)[1] UCSF decided to terminate Plaintiff as a patient based the disruptive behavior of Plaintiff and her advocate. (*Id*. at 46.) Plaintiff alleges that UCSF retaliated against her for complaining about the allegedly improper charges by terminating her as a patient. (*Id*. ¶ 39.) She further alleges that she contacted numerous dentists who were unwilling to accept Denti-Cal patients, and as a result, UCSF's decision to terminate her as a patient effectively terminated her Denti-Cal benefits. (*Id*. ¶ 60.)

Plaintiff brings this action alleging twenty-six causes of action against Defendants. Plaintiff also alleges that the Regents are enforcing an arbitrary and discriminatory policy regarding Denti-Cal benefits because the Regents treat Denti-Cal beneficiaries with some teeth differently than beneficiaries with no teeth. Plaintiff alleges that the Defendants' conduct delayed her dental treatment, terminated her treatment, and caused her to suffer pain, emotional disturbance, and humiliation. Plaintiff further alleges that the Regents violated anti-discrimination

---

[1] Plaintiff attaches numerous exhibits to the FAC, referred to as the "Administrative Record," which she alleges are incorporated by reference into the FAC. (*See* FAC ¶ 305). The Court may consider the Administrative Record on a motion dismiss because it is attached to the FAC. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."). Additionally, the Administrative Record is properly considered under the doctrine of incorporation by reference because it is cited extensively in the FAC. *See Khoja v. Orezigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

1 provisions, choice of provider provisions, and right to access provisions of the Medicaid Act, the
2 American with Disabilities Act ("ADA"), the Rehabilitation Act, the Affordable Care Act
3 ("ACA"), as well as her First and Fourteenth Amendment rights.

**B.      Procedural Background.**

Plaintiff originally filed this action in Alameda County Superior Court.  (*See* Dkt. No. 1, Not. of Removal.)  The Regents removed the case to federal court on October 7, 2021.  (*Id.*)  The Regents moved to dismiss, and shortly thereafter Defendant DHCS appeared.  Plaintiff filed a motion to remand.  The Court denied the motion to remand on January 4, 2022, and in that Order, set a briefing schedule on the motions to dismiss.  (Dkt. No. 50.)  Defendants filed motions to dismiss.  (Dkt. Nos. 31, 46.)  Plaintiff filed a combined opposition to Defendants' motions.  (Dkt. No. 55.)

Plaintiff subsequently filed a motion for interlocutory appeal of the order denying remand.  (Dkt. No. 51.)  Plaintiff then filed a motion to stay proceedings due to illness.  (Dkt. No. 63.)  On April 1, 2022, Plaintiff notified the Court of the death of her counsel and requested leave to proceed *pro se*.  Plaintiff filed a motion to stay the proceedings to obtain alternate counsel and an *ex parte* motion to shorten time to hear the motion to stay.  (Dkt. Nos. 74, 75.)

**ANALYSIS**

**A.      Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

3

1    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
2    draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
3    *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a court "is not
4    required to accept legal conclusions cast in the form of factual allegations if those conclusions
5    cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d
6    752, 754-55 (9th Cir. 1994).

7         If the allegations are insufficient to state a claim, a court should grant leave to amend
8    unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th
9    Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th
10   Cir. 1990).

11   **B.       Plaintiff's Opposition.**

12        On January 28, 2022, Plaintiff filed a combined opposition to Defendants' motions to
13   dismiss.  Plaintiff's opposition fails to substantively address Defendants' arguments for dismissal
14   and instead largely copies and pastes allegations from the FAC.  The opposition fails to
15   demonstrate why Plaintiff's claims are viable or explain how she could cure the defects in her
16   pleading through amendment.  The Court views Plaintiff's failure to oppose Defendants'
17   arguments as a concession that those claims should be dismissed.  *Marziano v. Cty. of Marin*, No.
18   C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010); *see also Shakur v. Schriro*,
19   514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in an
20   opposition to a motion to dismiss); *accord John-Charles v. California*, 646 F.3d 1243, 1247 n.4
21   (9th Cir. 2011) (holding party "failed to develop any argument on this front, and thus has waived
22   it").  For this reason alone, Plaintiff's complaint is subject to dismissal.  *See Allen v. Dollar Tree*
23   *Stores, Inc.*, 475 Fed. App'x 159, 159 (9th Cir. 2012) (district court properly dismissed claims
24   where plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's
25   argument"); *Henry v. Napa Valley Unified*, No. 16-cv-04021-MEJ, 2016 WL 7157670, at *4-5
26   (N.D. Cal. Dec. 8, 2016) (dismissing claim with prejudice where plaintiff failed to demonstrate the
27   viability of claim in opposition).

28        In any event, Plaintiff's complaint is deficient for other reasons, which require its

4

dismissal. The Court discusses these issues below.

### C. Plaintiff's Federal Section 1983 Claims.

Plaintiff brings her federal claims under 42 U.S.C. section 1983 ("Section 1983").[2] In relevant part, Section 1983 provides that:

> Every person who, under color of any statute ... of any State or Territory or the District of Columbia, subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983.

Plaintiff brings her Section 1983 claims against all defendants. The Supreme Court has held that "a State is not person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 62 (1989). This holding extends to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70.

The Regents and DHCS are arms of the state for Eleventh Amendment purposes and therefore are not persons defined by Section 1983. *See Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992) ("The Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a "person" within the meaning of section 1983."). The same rule applies to suits against state officials sued in their official capacities, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Thus, because DHCS, the Regents, and state officials in their official capacities are not "persons" within the meaning of Section 1983, those claims are barred, and the Court dismisses them without leave to amend.[3]

---

[2] This includes the first and third through fifteenth causes of action.

[3] Under *Walden v. Nevada*, 945 F.3d 1088, 1095 (9th Cir. 2019), "[a] State defendant that removes a cause to federal court waives its immunity from suit on all federal-law claims brought by the plaintiff." Thus, by removing this action and by joining in the removal, the Regents and DHCS waived sovereign immunity under the Eleventh Amendment. However, the ability to sue 'persons' within the definition of Section 1983 is a separate legal argument from Eleventh Amendment immunity. *Mueller v. Dep't of Pub. Safety*, No. CV 17-00571 HG-WRP, 2020 WL 1866428, at *2 (D. Haw. Apr. 14, 2020) (dismissing Section 1983 claims against the State of Hawaii, Department of Public Safety, and a state official in his official capacity because those parties were not "persons" within the meaning of Section 1983 after concluding that those parties

To the extent plaintiff asserts her Section 1983 claims against Roykh in her personal capacity, such a claim is permissible, but only by showing that the official personally caused the deprivation of plaintiff's federal right. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff cannot make this showing. For the most part, Plaintiff's allegations are directed at defendants or the Regents generally without specifying particular actions on the part of Roykh. The only factual allegation regarding Roykh's involvement relates to a letter Plaintiff received from Roykh as clinical director explaining why permanent partial dentures would not be covered and informing Plaintiff that she was being terminated as a patient because of disruptive behavior. (AR 45-47.) This allegation is insufficient to establish that Roykh personally caused the deprivation of any federal right. Moreover, the allegations show that Plaintiff was not terminated from Denti-Cal and had the ability to seek treatment from Denti-Cal providers elsewhere.

Thus, the Court dismisses Plaintiff's federal claims without leave to amend.

**D.    The Court Dismisses Plaintiff's Remaining Causes of Action.**

    **1.    California Constitution.**

Plaintiff's second cause of action seeks relief for purported violation of her "inalienable rights" under the California Constitution including "enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy. (FAC ¶ 112(a).) Plaintiff alleges no facts supporting this cause of action. The Court dismisses this cause of action.

    **2.    Unruh Civil Rights Act.**

Plaintiff alleges a violation of the Unruh Civil Rights Act premised on her allegations that the Regents acted with discriminatory intent in terminating her as a patient. An Unruh Act claim is analyzed under the same standard as ADA claims. *Douglas v. Cal. Dept. of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (2002); *Munson v. Del Taco*, 46 Cal. 4th 661, 667 (2009). To allege a cause

---

had waived sovereign immunity by removing the case to federal court); *see also Strong v. Washington*, 2021 WL 510621 (E.D. Wash. Feb. 11, 2021) ("As Defendants properly note, the defense of Eleventh Amendment immunity is separate and distinct from the issue of whether Defendants are 'persons' within the definition of § 1983").

of action for a violation of the ADA, Plaintiff must allege that: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a defendant's services; (3) she was discriminated against solely by reason of her disability; and (4) that the defendant is a public entity. *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1040, 1045 (1999).

Plaintiff alleges that the absence of molars and her inability to chew qualifies as a disability for purposes of her discrimination claims. Even assuming this qualifies as a disability for purposes of Plaintiff's claims, the FAC makes clear that Plaintiff was not discriminated against because of her purported disability. She did not qualify for removable partial dentures under Medi-Cal Dental regulations and the Denti-Cal Handbook, and UCSF Dental Clinic terminated Plaintiff as a patient because she was uncooperative and because her advocate engaged in disruptive behavior at the Clinic. (AR 45-47). The determination was not based on Plaintiff's purported disability or made with any discriminatory intent. Thus, UCSF's decision to terminate its patient-provider relationship with Plaintiff was reasonable and not prohibited by the Unruh Act. *See O'Connor v. Village Green Owners Assn.*, 662 P.2d 427, 429 (Cal. 1983) (Unruh Act does not prohibit business owner from excluding customers who disrupt his business).[4] For these reasons, the Court dismisses Plaintiff's Unruh Act claim.[5]

**3.    Whistleblower Retaliation.**

Plaintiff's whistleblower retaliation claim under Health & Safety Code section 1278.5 fails. Section 12785.5 prohibits a healthcare facility from retaliating against employees or patients who present a complaint concerning quality of care, services, or conditions at the facility. *See* Cal. Health & Safety Code § 1278.5(b)(1). As an initial matter, DHCS does not qualify as a "health facility" subject to Health and Safety Code 1278.5. *See id.* § 1250. Additionally, Plaintiff's claim

---

[4] For the same reasons, Plaintiff's claims brought pursuant to the ADA and Rehabilitation Act fail. The same is true of Plaintiff's claims under Section 1557 of the ACA and Cal. Government Code section 11135, which prohibits state agencies and state-funded programs from discriminating against persons on the basis of physical disabilities or medical conditions.

[5] The Unruh Act claim fails against DHCS for the independent reason that it is not a "business establishment" as defined the Unruh Act. *See, e.g., Spanish Speaking Citizens' Found., Inc. v. Low*, 85 Cal. App. 4th 1179, 1240 (Cal. App. 1st Dist. 2000), *as modified on denial of reh'g* (Jan. 25, 2001).

1  fails because she does not allege that she engaged in activity protected by the statute.  Plaintiff's
2  complaints, which relate to UCSF's decision to terminate her as a patient, are not whistleblower
3  activities under the statute.  For these reasons, the Court grants the motion to dismiss Plaintiff's
4  claim for retaliation in violations of Section 1278.5.

        **4.**      **Intentional Infliction of Emotional Distress.**

A claim for intentional infliction of emotional distress ("IIED") exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009).  Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community."  *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted).  "With respect to the requirement that the plaintiff show severe emotional distress [for an IIED claim]," the California Supreme Court "has set a high bar."  *Hughes*, 46 Cal. 4th at 1051.  "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  *Id*. (citation and internal quotation marks omitted).

Plaintiff's allegations are insufficient to state a claim for IIED.  Plaintiff fails to allege facts that show the conduct by any Defendant was extreme and outrageous, and her allegations of distress are insufficient to meet the "high bar" required to show severe emotional distress.  *Hughes*, 46 Cal. 4th at 1051.  Accordingly, Plaintiff's claim for IIED is dismissed.

        **5.**      **Fraud.**

Plaintiff next alleges that Defendants are liable for fraud for their act of sending Plaintiff an estimated billing statement for services that incorrectly determined certain services were not covered by Denti-Cal.  A cause of action for fraud must allege: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages."  *Service by Medallion, Inc. v. Clorox*, 44 Cal.App.4th

1807, 1816 (1996). As an initial matter, this claim fails as to DHCS because Plaintiff does not allege any action on the part of DHCS with regard to the allegedly fraudulent estimated billing statement. Additionally, Plaintiff has not, and cannot allege, that she relied on the purportedly false information in the billing statement or that she suffered any damages as a result of the billing statement because she did not receive or pay for the services contemplated by the billing statement. Plaintiff's fraud claim is dismissed.

**6.     Negligence.**

Plaintiff also cannot properly plead a claim for negligence. The elements of a negligence claim are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damage. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). Plaintiff does not plead facts sufficient to support the elements of a negligence claim. In particular, because Plaintiff did not receive treatment from UCSF Dental and remains a Medi-Cal beneficiary she is unable to plead damage. To the extent Plaintiff intended her negligence claim to be construed as a medical malpractice cause of action, that too fails as Plaintiff never received treatment from Dr. Roykh and in any event, those claims appear to be time-barred. Accordingly, the Court dismisses Plaintiff's negligence claim.

**7.     Breach of Contract.**

Plaintiff's breach of contract claim fails because she does not allege facts demonstrating any of the essential elements of a breach of contract claim, including properly alleging the existence of a contract. Plaintiff also cannot allege damage caused by any purported breach because Plaintiff she remains a Medi-Cal beneficiary capable of receiving dental services from another participating provider. The Court dismisses Plaintiff's breach of contract claim.[6]

**8.     UCL.**

Finally, Plaintiff brings a cause of action for a violation of California's Unfair Competition Law against Defendant Roykh. Cal. Bus. & Prof. Code § 17200, *et seq*. Plaintiff lacks standing to

---

[6] With regard to DHCS, Plaintiff's second, sixteenth, twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth causes of action are dismissed as to DHCS on the independent basis that Plaintiff does not allege any action on the part of DHCS with regard to these claims.

bring this claim because she has not suffered injury in fact or lost money or property based on Roykh's alleged conduct. *See* Cal. Bus. & Prof. Code § 17204. As discussed above, the FAC shows that Plaintiff did not pay for services from UCSF Dental Clinic, nor does she allege that she received any treatment from Roykh. The Court grants the motion to dismiss Plaintiff's UCL claim.

### E. The Court Grants the Motions to Dismiss Without Leave to Amend.

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Here, the Court concludes that amendment would be futile. Plaintiff has already amended her complaint once. Additionally, Plaintiff's failure to substantively respond to the majority of Defendants' arguments for dismissal suggests that that she has no additional facts to plead. Furthermore, based upon the allegations in the FAC including the facts in the attached Administrative Record, the Court concludes that Plaintiff is unable to allege any additional facts to save her claims, and amendment would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

### F. Plaintiff's Motion to Certify Order Denying Remand for Interlocutory Appeal.

Plaintiff has also filed a motion to certify the Court's order denying the motion for remand for interlocutory appeal. (Dkt. No. 51.) Pursuant to 28 U.S.C. section 1292(b), the Court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Coopers & Lybrand*,

437 U.S. at 475. A court has substantial discretion to decide whether to grant a motion for certification. *Valdovinos v. McGrath*, No. C02-1704-CW, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996)).

The Court concludes that Plaintiff has not met her burden, and the Court declines to exercise its discretion to certify the order on denying remand for interlocutory appeal. In particular, the Court finds that Plaintiff has not demonstrated the existence of exceptional circumstances which would warrant an interlocutory appeal. Moreover, in light of the Court's ruling on Defendants' motions to dismiss, there is a substantial likelihood that here, a certified interlocutory appeal would be rendered moot by the Court's judgment. *See* Section 1292(b). Accordingly, the Court DENIES Plaintiff's motion.

**CONCLUSION**

For these reasons, the Court GRANTS Defendants' motions to dismiss without leave to amend. The Court shall enter a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2022

JEFFREY S. WHITE
United States District Judge